**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**Northern Division**

| | | |
|---|---|---|
| NATHANIEL D. BROWN<br>3423 Littlestown Pike<br>Westminster, Maryland 21158 | *<br><br>* | |
| Plaintiff | * | |
| vs. | * | Case No.: |
| RILL'S BUS SERVICE, INC. (t/a Rills Bus Service)<br>218 Dutrow Road<br>Westminster, Maryland 21157 | *<br><br>* | |
| Serve On:<br>Resident Agent<br>David S. Ostrow<br>11419 Cronridge Drive, Suite 1<br>Owings Mills, Maryland 21117 | *<br><br>*<br><br>* | |
| and | * | |
| ANNA G. RILL, INC. (t/a Rills Bus Service)<br>218 Dutrow Road<br>Westminster, Maryland 21157 | *<br><br>* | |
| Serve On:<br>Resident Agent<br>David S. Ostrow<br>11419 Cronridge Drive, Suite 1<br>Owings Mills, Maryland 21117 | *<br><br>*<br><br>* | |
| and | * | |
| PAUL D. RILL (t/a Rills Bus Service)<br>218 Dutrow Road<br>Westminster, Maryland 21157 | *<br><br>* | |
| and | * | |
| DIANNE GROTE (t/a Rills Bus Service) | * | |

| | |
|---|---|
| 218 Dutrow Road<br>Westminster, Maryland 21157 | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Nathaniel D. Brown, Plaintiff, by undersigned counsel, brings this suit against Rill's Bus Service, Inc., Anna G. Rill, Inc., Paul D. Rill, and Dianne Grote – all trading, acting, and operating as Rills Bus Service -, Defendants and states:

## PARTIES

1. Plaintiff, Nathaniel D. Brown, is an adult resident of Carroll County, State of Maryland.

2. Defendant, Rill's Bus Service, Inc., is, and at all times relevant hereto, was an entity organized and existing under the laws of the State of Maryland, with its principal office and place of business in Carroll County, Maryland, and which, at all times relevant hereto, regularly conducted business in Carroll County, Maryland.

3. Defendant, Anna G. Rill, Inc., is, and at all times relevant hereto, was an entity organized and existing under the laws of the State of Maryland, with its principal office and place of business in Carroll County, Maryland, and which, at all times relevant hereto, regularly conducted business in Carroll County, Maryland.

4. Defendant, Paul D. Rill, is an adult resident of Carroll County, State of Maryland.

5. Defendant, Dianne Grote, is an adult resident of Carroll County, State of Maryland.

6. At all times relevant hereto, each Defendant was acting in an individual capacity and as an agent, servant and/or employee of each and every other Defendant.

7. At all times relevant hereto, each Defendant was acting by and through his/her/its agents,

servants and employees, including each and every other Defendant.

8. At all times relevant hereto, each Defendant received and accepted the benefits of the actions of his/her/its agents, servants and employees, including each and every other Defendant.

9. At all times relevant hereto, each of the Defendants owned and/or controlled each of the other Defendants.

10. At all times relevant hereto, each of the Defendants traded as, acted as, and operated as "Rills Bus Service," Mr. Brown's employer. Herein, Defendants, individually and or collectively may be referred to as "Rills Bus Service."

## JURISDICTION AND VENUE

11. Jurisdiction over the federal claims is conferred by 28 U.S.C. §1331 (Federal Question), 28 U.S.C. §1332 (Diversity of Citizenship), §1343 (Civil Rights), and 42 U.S.C. §2000e-5(f)(3) (Equal Employment Opportunities – Enforcement Provisions); and over the state law claims pursuant to the doctrine of pendent jurisdiction.

12. Venue is proper in this Court under 28 U.S.C. §1391 (Venue Generally) and 42 U.S.C. §2000e-5(f)(3) (Equal Employment Opportunities – Enforcement Provisions) in that the claims that are the subject of this Complaint arose in this judicial district, the unlawful employment practices were committed in this judicial district, and Plaintiff worked in this judicial district until the commissions of the unlawful employment practices by Defendants.

## ADMINISTRATIVE PROCEEDINGS

13. On or about April 2, 2019, Plaintiff filed a Charge of discrimination under Charge No. 531-2019-01661 with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendants. Plaintiff alleged that Defendants discriminated against him by discharging him and

tricking him into signing a voluntary quit document, because of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as amended.

14. On or about August 19, 2020, the EEOC issued to Plaintiff a *Dismissal and Notice of Rights*, notifying him of his right to bring this action. On August 21, 2020, Plaintiff received, via first class mail, a said document. A copy of said document is attached hereto and incorporated herein as Exhibit A.

15. This Complaint is being filed within ninety (90) days of receipt of the aforesaid *Dismissal and Notice of Rights*.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

16. Nathaniel D. Brown has a congenital disability known as agenesis of the corpus callosum ("ACC"), cognitive impairment, developmental delay, intellectual disability and other related diagnoses. ACC is a rare disorder that is present at birth (congenital). It is characterized by a partial or complete absence (agenesis) of an area of the brain that connects the two cerebral hemispheres. Mr. Brown meets the legal definition for a developmental disability that has significantly hindered his intellectual, cognitive, emotions, social, academic, occupational and adaptive functioning. Even to the untrained layperson, it is clear and obvious that: (a) Mr. Brown is a wonderful and trusting person, and (b) Mr. Brown has a disability.

17. At all times relevant hereto, Rills Bus Service/Defendants' principal activity in the State of Maryland was providing motor coach and school bus services.

18. On or about September 5, 2017, Defendants hired Mr. Brown for the position of school bus assistant for special needs children.

19. Mr. Brown, throughout the course of his employment with Defendants, fully and to the

best of his abilities, performed the duties assigned to him. Mr. Brown loved his job, loved working with children, and believed that he was performing his job well.

20. On at least two occasions, after hiring and before firing, when Mr. Brown was having trouble understanding things at work, he informed Defendants of his disability.

21. On October 2, 2018, Defendants initiated communication with Mr. Brown, told Mr. Brown that his employment was being terminated, terminated Mr. Brown's employment, drafted a document that indicated that the termination was a voluntary quit, told Mr. Brown (who could not understand the document due to his cognitive impairment (i.e., his disability)) that the document indicated that his employment was being terminated, had Mr. Brown sign the document, and signed as a witness to the document. Mr. Brown had no idea that the document indicated that he was voluntarily quitting.

22. Defendants fired Mr. Brown and, knowing Mr. Brown's disability, tricked Mr. Brown into signing a voluntary quit document. Respondent's motive was probably money; more particularly, probably to save on unemployment insurance.

23. Defendants committed the aforementioned acts with malice, and evil intent towards Mr. Brown.

24. Defendants committed the aforementioned acts deliberately and with forethought to discriminate against Mr. Brown and were done with reckless indifference to his state and federally protected rights.

25. Defendants committed the aforementioned acts negligently and in breach of their duty to refrain from discriminating against Mr. Brown based upon his disability.

26. As a direct and proximate result of Defendants' aforementioned actions against Mr.

Brown, Mr. Brown has suffered and will continue to suffer damages including, but not limited to: deprivation of his civil rights, loss of his job, loss of back pay and benefits, loss of future earnings, injury to his reputation, extreme and permanent physical and emotional pain and suffering, inconvenience, mental anguish, embarrassment, disgrace, humiliation, loss of dignity, loss of enjoyment of life, monetary losses, costs and attorney's fees.

## CAUSES OF ACTION

## COUNT I – DISCRIMINATION ON THE BASIS OF DISABILITY [42 U.S.C. §12101, et seq., The Americans with Disabilities Act of 1990, as amended]

27. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

28. Mr. Brown is a qualified individual with a disability.

29. Defendants' (a) termination of Mr. Brown, and (b) trickery, deception, deceit, fraud, and misrepresentation upon Mr. Brown because of Mr. Brown's disability constituted violations of the Americans with Disabilities Act of 1990, as amended; Defendants violating the prohibition that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment"

30. Defendants, by discriminating against Mr. Brown based upon his disability, have violated the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §12101, et seq. with knowing or reckless disregard of that Act's proscriptions.

31. As a direct and proximate result of Defendants' aforementioned actions against Mr. Brown, Mr. Brown has suffered and will continue to suffer damages including, but not limited to:

deprivation of his civil rights, loss of his job, loss of back pay and benefits, loss of future earnings, injury to his reputation, extreme and permanent physical and emotional pain and suffering, inconvenience, mental anguish, embarrassment, disgrace, humiliation, loss of dignity, loss of enjoyment of life, monetary losses, costs and attorney's fees.

## COUNT II - DISCRIMINATION, VIOLATIONS OF THE FEDERAL REHABILITATION ACT

32. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

33. Upon information and belief, Defendants received federal funds and, at all relevant times, is/was subject to the Federal Rehabilitation Act, 29 U.S.C. §§ 791, 793, 794.

34. Plaintiff was a qualified individual with a disability as that term is used in the Federal Rehabilitation Act.

35. Defendant engaged in intentional and unlawful disability discrimination against Plaintiff by refusing to allow Plaintiff to work for it solely because of his record of disability and because he was regarded as being disabled.

36. Plaintiff suffered adverse actions because of the discrimination.

37. Defendant's violations were willful and intentional.

38. As a direct and proximate result of Defendants' aforementioned actions against Mr. Brown, Mr. Brown has suffered and will continue to suffer damages including, but not limited to: deprivation of his civil rights, loss of his job, loss of back pay and benefits, loss of future earnings, injury to his reputation, extreme and permanent physical and emotional pain and suffering, inconvenience, mental anguish, embarrassment, disgrace, humiliation, loss of dignity, loss of enjoyment of life, monetary losses, costs and attorney's fees.

**COUNT III – WRONGFUL DISCHARGE**

39. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

40. Defendants terminated Plaintiff's employment solely because of Plaintiff's disability.

41. Defendants' termination of Mr. Brown's employment violated a clear mandate of public policy; that is, the prohibition against discrimination and discharge in employment based upon disability. Said public policy is codified in the Americans with Disabilities Act, as amended, at 42 U.S.C.A. §12112 (which provides in part, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment").

42. As a direct and proximate result of Defendants' aforementioned actions against Mr. Brown, Mr. Brown has suffered and will continue to suffer damages including, but not limited to: deprivation of his civil rights, loss of his job, loss of back pay and benefits, loss of future earnings, injury to his reputation, extreme and permanent physical and emotional pain and suffering, inconvenience, mental anguish, embarrassment, disgrace, humiliation, loss of dignity, loss of enjoyment of life, monetary losses, costs and attorney's fees.

**COUNT IV – INTENTIONAL MISREPRESENTATION**

43. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

44. Defendants' assertions to Mr. Brown referred to herein regarding the voluntary quit document were false representations of material facts.

45. Additionally, Defendants had a duty to disclose material facts regarding the truth of their termination of Mr. Brown and failed to disclose these material facts with intent to deceive Mr. Brown.

46. Defendants knew that these representations were false, or the representations were made with such reckless disregard for the truth that knowledge of the falsity of the statements can be imputed to them.

47. Defendants made the false representations for the purpose of defrauding Mr. Brown.

48. Mr. Brown relied with justification upon the misrepresentations.

49. As a direct and proximate result of Defendants' aforementioned actions against Mr. Brown, Mr. Brown has suffered and will continue to suffer damages including, but not limited to: deprivation of his civil rights, loss of his job, loss of back pay and benefits, loss of future earnings, injury to his reputation, extreme and permanent physical and emotional pain and suffering, inconvenience, mental anguish, embarrassment, disgrace, humiliation, loss of dignity, loss of enjoyment of life, monetary losses, costs and attorney's fees.

## COUNT V – NEGLIGENT MISREPRESENTATION

50. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

51. Defendants, owing a duty of care to Mr. Brown, negligently made false statements (referred to herein regarding the voluntary quit document) to Mr. Brown.

52. Defendants intended for Mr. Brown to act and rely upon these negligent assertions

53. Defendants knew that Mr. Brown would probably rely upon the negligent assertions, which would cause damage to Mr. Brown.

54. Mr. Brown justifiably relied upon Defendants' statements and assertions.

55. As a direct and proximate result of Defendants' aforementioned actions against Mr. Brown, Mr. Brown has suffered and will continue to suffer damages including, but not limited to: deprivation of his civil rights, loss of his job, loss of back pay and benefits, loss of future earnings, injury to his reputation, extreme and permanent physical and emotional pain and suffering, inconvenience, mental anguish, embarrassment, disgrace, humiliation, loss of dignity, loss of enjoyment of life, monetary losses, costs and attorney's fees.

**COUNT VI – TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE**

56. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

57. Defendants' actions, as specifically alleged herein (the trickery in causing Mr. Brown to execute the aforementioned voluntary quit document), constituted intentional and willful acts that were calculated to cause damage to Mr. Brown with respect to his compensation, terms, conditions and privileges of employment. Defendants specifically committed these acts to cause Mr. Brown to be disqualified from collecting unemployment benefits.

58. Defendants' actions, as specifically alleged herein, were unjustified and were committed with the unlawful and improper purposes of causing damage to Plaintiff's employment and post-employment rights.

59. As a direct and proximate result of Defendants' aforementioned actions against Mr. Brown, Mr. Brown has suffered and will continue to suffer damages including, but not limited to: deprivation of his civil rights, loss of his job, loss of back pay and benefits, loss of future earnings, injury to his reputation, extreme and permanent physical and emotional pain and suffering,

inconvenience, mental anguish, embarrassment, disgrace, humiliation, loss of dignity, loss of enjoyment of life, monetary losses, costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Declare the conduct of Defendants towards Plaintiff to be in violation of Plaintiff's civil rights;

B. Enjoin Defendants from engaging in such further discriminatory conduct;

C. Award Plaintiff back pay;

D. Award Plaintiff front pay;

E. Award Plaintiff Judgment against Defendants, jointly and severally, for compensatory damages in the amount of three hundred thousand dollars ($300,000.00), with interest and costs;

F. Award Plaintiff Judgment against Defendants, jointly and severally, for punitive damages in the amount of three hundred thousand dollars ($300,000.00), with interest and costs;

G. Award Plaintiff Judgment against Defendants, jointly and severally, for reasonable attorney's fees and the costs of this action;

H. Grant such other and further relief that the nature of Plaintiff's cause requires.

/s/ Michael S. Greene                              .
Michael S. Greene, Esquire (Federal Bar No. 11797)
MICHAEL S. GREENE, P.A.
11-A Gwynns Mill Court
Owings Mills, Maryland 21117
telephone: (410)363-9414
fax: (410)363-2659
email: mgreene@greenelegal.com
*Attorneys for Plaintiff, Nathaniel D. Brown*